**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne Thomas Horton, | No. CV-24-01300-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") concluding petitioner Dwayne Thomas Horton's petition for writ of habeas corpus was filed approximately two months too late. (Doc. 36.) Horton filed objections, respondents filed a response to those objections, and Horton filed a "response to the state's response." (Docs. 37-39.) Having reviewed de novo the portions of the R&R to which Horton objected, the R&R is correct.

Neither party objected to the background recited in the R&R and it is adopted. For present purposes, the crucial dates are the following. In January 2018, Horton was sentenced to lengthy prison terms based on convictions for multiple counts of robbery, kidnapping, and assault. Horton appealed his convictions and sentences, but the Arizona Court of Appeals affirmed. The Arizona Supreme Court denied Horton's petition for review in July 2019.

In February 2019 (while his direct appeal was still pending), Horton filed a notice of post-conviction relief with the state trial court. Those proceedings remained pending

until October 4, 2021, when that court denied relief. (Doc. 30-6 at 2.) Horton timely sought review by the Arizona Court of Appeals but that court granted review and denied relief. (Doc. 30-6 at 60.) On February 28, 2023, the Arizona Supreme Court denied Horton's petition for review. (Doc. 30-6 at 59.) Horton then chose to return to the state trial court, filing another petition for post-conviction relief in April 2023. (Doc. 30-6 at 63.) In that petition Horton argued he did not raise certain issues in his original petition because he "did not have prescription glasses to read until after the 1st post-conviction relief petition." (Doc. 30-6 at 66.) That second petition was denied shortly after filing. (Doc. 30-7 at 3.) Horton continued to file petitions for post-conviction relief in state court and continued to claim he only obtained adequate glasses after he filed his first petition. (Doc. 30-7 at 10.) None of those petitions were successful.

On May 19, 2024, Horton filed his federal petition for writ of habeas corpus. (Doc. 1 at 13.) Based on the Arizona Supreme Court's February 28, 2023 order denying review in his post-conviction relief proceedings, the R&R concluded Horton's federal petition was filed outside the one-year statute of limitations. The R&R also concluded neither equitable tolling nor the actual innocence exception applied. (Doc. 36 at 5-8.) Horton's objections argue his eyesight difficulties, a "prison attack" on him, the COVID pandemic, and the loss or destruction of his legal boxes are extraordinary circumstances that merit equitable tolling. (Doc. 37 at 6.) Horton does not present any objections to the R&R's analysis regarding actual innocence so that portion of the R&R is summarily adopted.

To establish equitable tolling, Horton "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (simplified). The first element requires Horton show he was pursuing his rights diligently both "before and after" the extraordinary circumstances existed. *Id.* at 599. And when evaluating the second element, the court must look to "all the circumstances of the case before it." *Id.* at 600. This standard is difficult to meet because "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule."

*Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (simplified).

Horton's primary argument for equitable tolling appears to be his poor eyesight. Horton supplied prison records showing he was having difficulties with his eyesight and obtaining appropriate glasses. (Doc. 37 at 13-19.) All but one of Horton's records predate the relevant time period of 2023-2024, and the single more recent record postdates it (having been submitted in August 2025). (Doc. 37 at 13-19.) Horton's arguments and records related to his appellate counsel also predate the relevant time period by about five years. (Docs. 37 at 9, 21-25; 39 at 2, 4-8.) In addition, the state court records show Horton submitted lengthy documents to the state courts during his post-conviction relief proceedings. (Doc. 30-4 at 2.) And even once the federal statute of limitations began to run in 2023, Horton continued to submit lengthy documents to the state court. (Docs. 30-6 at 63-69; 30-7 at 5-22.) Horton provides no explanation why he was able to file many documents in state court identifying possible claims, but he could not file his federal petition during that same time. Horton has not shown he was diligent throughout the limitations period.

Horton also argues COVID-19, an unexplained "prison attack," and the lack of access to legal resources prevented him from filing his petition. But again, there is no explanation why he was able to file all of his documents in state court if those limitations were present. And in general, limitations on access to legal resources are not sufficient to establish extraordinary circumstances. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Horton has not established diligence or extraordinary circumstances.

Finally, Horton filed a motion seeking the disclosure of "undisclosed exculpatory evidence." (Doc. 34.) Because his petition is barred by the statute of limitations, there is no basis to authorize discovery.

/

/

/

/

Accordingly,

**IT IS ORDERED** the Motion for Court Order (Doc. 34) is **DENIED**.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 36) is **ADOPTED**. The amended petition for writ of habeas corpus (Doc. 20) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

Dated this 30th day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -